UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CR-0088-B-1 |
| | § | |
| BOBBY WAYNE PEARCE, JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bobby Wayne Pearce, Jr. ("Pearce")'s Motion for Compassionate Release (Doc. 56). For the reasons set forth below, the Court **DENIES** Pearce's Motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Pearce pleaded guilty to the production of child pornography, the Court sentenced him to 240 months of imprisonment and 5 years of supervised release. Doc. 54, J., 1–3. Pearce, who is now fifty-three years old, is serving his sentence at the Oakdale II Federal Correctional Institute ("Oakdale II FCI") and is scheduled to be released in November 2035.[1] As of March 31, 2022, Oakdale II FCI reports 1 active and 756 recovered cases of COVID-19 among its inmates.[2] Pearce

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited April 1, 2022).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited April 1, 2022).

filed the instant motion on March 11, 2022, requesting compassionate release and the appointment of counsel. Doc. 56, Mot., 5. The Court reviews Pearce's Motion below.

## II.
## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.
## ANALYSIS

As explained below, the Court denies Pearce's request for the appointment of counsel because Pearce's motion presents straightforward legal and factual claims. The Court also denies Pearce's request for compassionate release because he has not provided proof of exhaustion or shown extraordinary and compelling reasons for his release.

A.  *Pearce is Not Entitled to Appointment of Counsel*

Pearce's request for appointment of counsel is **DENIED**. A district court must appoint counsel when there is a statutory or constitutional requirement to do so and may appoint counsel, under certain other circumstances, if justice so requires. *See, e.g., United States v. Contreras*, 2021 WL 1536504, at *1 (E.D. Tex. Apr. 19, 2021) (noting that district courts have discretion to appoint counsel for some claims when "the petition presents significant legal issues, and if the appointment

of counsel will benefit the petitioner and the court in addressing [the] claim") (quoting *United States v. Molina-Flores*, 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018)). This Court, like others within the Fifth Circuit, has held that there is no statutory or constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A). *United States v. Reed*, 2022 WL 198405, at *1 (N.D. Tex. Jan. 21, 2022); *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020), *aff'd*, 829 F. App'x 73 (5th Cir. 2020); *see, e.g., Contreras*, 2021 WL 1536504, at *2; *United States v. Wilfred*, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). And here, Pearce's motion presents a straightforward claim urging early release from prison because of his increased susceptibility to COVID-19, which is not legally or factually complex. *Cf. Contreras*, 2021 WL 1536504, at *2 (noting that compassionate release motions are generally "not particularly complex factually or legally") (quoting *United States v. Drayton*, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020)). Therefore, the Court finds that Pearce is not entitled to appointment of counsel.

B.   *Compassionate Release Is Not Appropriate*

    1.   Pearce Has Not Shown Proof of Exhaustion

Pearce's request for compassionate release fails because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).[3]

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release

In his motion, Pearce states that the warden at Oakdale II FCI denied his request for compassionate release. Doc. 56, Mot., 1. But Pearce does not attach any proof that he requested relief from the warden of his facility, or that the warden denied his request. *See generally id.* Without evidence that Pearce requested compassionate release from the warden and that thirty days have passed since the warden received or denied the request, Pearce fails to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *Cf. United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding the exhaustion requirement was not met where a defendant provided a copy of a letter purportedly sent to the warden but did not provide proof the warden received the letter); § 3582(c)(1)(A). Thus, the Court **DENIES** Pearce's Motion because he has not shown he exhausted his administrative remedies.

2. <u>Regardless of Exhaustion, Pearce Has Not Demonstrated Extraordinary and Compelling Reasons for Release</u>

Pearce has also not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered

---

request—irrespective of a denial. *See id.* at *5.

'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[4] The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). "Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

Considering Pearce's Motion in light of § 1B1.13 and applying its discretion, the Court concludes that Pearce has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Pearce argues for compassionate release based on his alleged medical conditions. Doc. 56, Mot., 1–4 (listing congestive heart failure, coronary artery disease, worsening asthma, diabetes, depressive disorder, paranoia, schizophrenia, arthritis, and neuropathy in his legs as his alleged medical conditions). However, Pearce does not provide any medical records to substantiate his medical conditions. *See generally id.* Without these records, the Court is unable to accurately evaluate his arguments and must **DENY** his motion. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying motion for compassionate release where defendant "failed . . . to provide the Court any medical records").

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1(D).

IV.

CONCLUSION

Pearce's request for appointment of counsel is **DENIED** because he is not entitled to counsel for this motion. Moreover, his request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his remedies or provided medical records substantiating his medical conditions. For these reasons, the Court **DENIES WITHOUT PREJUDICE** Pearce's Motion (Doc. 56).

By denying Pearce's motion without prejudice, the Court permits Pearce to file a subsequent motion for compassionate release in the event that he can (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Pearce fails to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED**.

**SIGNED: April 1, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE