UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 3:19-CR-0088-B-1** |
| | § | |
| **BOBBY WAYNE PEARCE, JR.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bobby Wayne Pearce, Jr. ("Pearce")'s Motion for Compassionate Release (Doc. 58). For the reasons set forth below, the Court **DENIES** Pearce's Motion **WITHOUT PREJUDICE**.

**I.**

**BACKGROUND**

After Pearce pleaded guilty to the production of child pornography, the Court sentenced him to 240 months of imprisonment and 5 years of supervised release. Doc. 54, J., 1–3. Pearce, who is now fifty-four years old, is serving his sentence at the Oakdale II Federal Correctional Institute ("Oakdale II FCI") and is scheduled to be released in November 2035.[1] As of June 28, 2022, Oakdale II FCI reports 0 active cases of COVID-19 among its inmates.[2] In April 2022, the Court denied Pearce's prior motion for compassionate release under the First Step Act because he failed to exhaust

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited June 28, 2022).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited June 28, 2022).

his administrative remedies. *United States v. Pearce*, 2022 WL 992738, at *2 (N.D. Tex. Apr. 1, 2022). Pearce's prior motion also failed to provide his medical records for the Court to determine if extraordinary and compelling reasons warranted compassionate release. *Id.* at *2–3.

Pearce filed the instant motion on June 9, 2022, requesting compassionate release due to several health conditions and seeking the appointment of counsel. Doc. 58, Mot., 1–2, 6. In this motion, Pearce "ask[ed] the Court for its assistance in getting his medical records" because he has been unable to obtain them since December 2021. Doc. 58, Mot., 5. That same day, the Court ordered the Government to provide the Court with copies of Pearce's medical records. Doc. 59, Order. The records are now in the Court's possession. The Court reviews Pearce's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Pearce's request for the appointment of counsel because Pearce's motion presents straightforward legal and factual claims. The Court also denies

Pearce's request for compassionate release because he has not shown shown extraordinary and compelling reasons for his release.

A. *Pearce Is Not Entitled to Appointment of Counsel*

Pearce's request for appointment of counsel is **DENIED**. A district court must appoint counsel when there is a statutory or constitutional requirement to do so and may appoint counsel, under certain other circumstances, if justice so requires. *See, e.g.*, *United States v. Contreras*, 2021 WL 1536504, at *1 (E.D. Tex. Apr. 19, 2021) (noting that district courts have discretion to appoint counsel for some claims when "the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing [the] claim") (quoting *United States v. Molina-Flores*, 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018)). This Court, like others within the Fifth Circuit, has held that there is no statutory or constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A). *United States v. Reed*, 2022 WL 198405, at *1 (N.D. Tex. Jan. 21, 2022); *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020), *aff'd*, 829 F. App'x 73 (5th Cir. 2020); *see, e.g.*, *Contreras*, 2021 WL 1536504, at *2; *United States v. Wilfred*, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). And here, Pearce's motion presents a straightforward claim urging early release from prison because of his increased susceptibility to COVID-19, which is not legally or factually complex. *Cf. Contreras*, 2021 WL 1536504, at *2 (noting that compassionate release motions are generally "not particularly complex factually or legally" (quoting *United States v. Drayton*, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020))). Therefore, the Court finds that Pearce is not entitled to appointment of counsel.

B.   *Pearce Has Shown Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[3]

Pearce filed the present motion on June 9, 2022. Doc. 58, Mot. Attached to this motion is a letter, signed by the warden and dated May 2, 2022, denying his request for compassionate release. *Id.* at 8. This evidence shows "the lapse of 30 days from the receipt of [a compassionate-release] request by the warden of the defendant's facility." § 3582(c)(1)(A). Thus, Pearce has demonstrated proof of exhaustion and the Court turns to the merits of his motion.

C.   *Pearce Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Pearce has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

---

[3] To comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[4] The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). "Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

Considering Pearce's Motion in light of § 1B1.13 and applying its discretion, the Court concludes that Pearce has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Pearce argues for compassionate release based on certain medical conditions—congestive heart failure, coronary artery disease, asthma, diabetes, and obesity—that make him "'high risk' when it comes to being infected with COVID-19." Doc. 58, Mot., 2. He has contracted COVID-19 twice, even though he is vaccinated. *Id.* at 1. Since these COVID-19 infections, his "breathing has become so labored that he has difficulty walking short distances," uses an inhaler four times a day, and nasal spray once a day. *Id.* at 2. Additionally, he "had triple bypass

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1(D).

surgery in 2019 and still has the screws and plate in his chest from that surgery" and "has had three heart attacks with six st[e]nts put in." *Id.* Pearce also suffers from glaucoma, rheumatoid arthritis, diabetes, and several ambulatory conditions. *Id.* at 3. He avers that he "is a walking time bomb when it comes to being re-infected with COVID-19, which is almost guaranteed in a prison environment." *Id.* Further, other courts have found the combination of his health conditions and the threat of COVID-19 "extraordinary and compelling" that warrant compassionate release, he contends. *Id.* at 2 (citing *United States v. Cavely*, 2021 WL 2843833 (N.D. Okl. July 7, 2021)).

The Court finds the *United States v. Cavely* case that Pearce cites is distinguishable. 2021 WL 2843833. While the defendant in *Cavely* suffered from conditions very similar to Pearce's—"morbid obesity, Congestive Heart Failure, and Chronic Obstructive Pulmonary Disease"—the court in that case emphasized the "significant reforms . . . made within the criminal justice system to avoid excessively long prison sentences" in the twenty years since the defendant's sentencing in 2001. *Id.* at *1, *4. Unlike in *Cavely*, there have not been significant reforms to the justice system or sentencing guidelines since Pearce's sentencing on February 25, 2021, only a little more than a year ago. *See* Doc. 54, J.

Additionally, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" regarding prisoners with certain medical conditions. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). Thus, the Court looks beyond mere diagnoses to individual circumstances. As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for a sentence modification, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may

be appropriate. For example, a medical condition of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or "a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13(1)(A) cmt. n.1(A). While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. Thus, while the Court does not require the exact scenarios described in the commentary to § 1B1.13, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency to grant a defendant's request.

Pearce does not show that his conditions involve necessity and urgency such that a sentence modification is warranted. The Court looks to not only Pearce's medical diagnoses, but his ability to manage his health while incarcerated. *See United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021). While Pearce's medical conditions are undoubtedly challenging, he has not shown that his medical treatment at Oakdale II FCI is inadequate or that he is unable to provide self-care. *See* § 1B1.13(1)(A) cmt. n.1(A). To the contrary, his extensive medical records, provided to the Court via flash drive, total 450 pages documenting the amount and level of care and treatment that he receives for his medical conditions. His conditions appear well-managed and do not constitute extraordinary and compelling reasons justifying his release. Therefore, Pearce has not shown extraordinary and compelling reasons to support his motion. *See* § 1B1.13 cmt. n.1(A).

*D. Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release Is Not Warranted*

The Court also notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Pearce has not shown extraordinary and compelling reasons for release, the Court need not conduct a full § 3553

analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Pearce's case, the Court found 240 months of imprisonment appropriate to serve these goals. *See* Doc. 54, J., 1. Pearce began his confinement on February 5, 2019. Doc. 14, Arrest Warrant Returned Executed, 1. With a release date of November 2035, Pearce has served approximately twenty-one percent of his sentence. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. *See Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences").

## IV.

## CONCLUSION

Pearce's request for appointment of counsel is **DENIED** because he is not entitled to counsel for this motion. Moreover, his request for compassionate release under § 3582(c)(1)(A) fails because he has not shown extraordinary and compelling reasons justifying compassionate release. For these reasons, the Court **DENIES WITHOUT PREJUDICE** Pearce's motion (Doc. 58).

By denying Pearce's motion without prejudice, the Court permits Pearce to file a subsequent motion for compassionate release in the event that he demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support his request. However, to the extent that Pearce merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

**SO ORDERED.**

**SIGNED: June 30, 2022.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**